UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

ANTHONY LAWRENCE,

Defendant.

---

10-CR-301

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 17, 2010, Anthony Lawrence pled guilty to a lesser-included account of a single-count indictment. The indictment charged that between February 2009 and March 2010, Lawrence, together with others, conspired to distribute and possessed with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

Lawrence was sentenced on January 21, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be fifteen and defendant's criminal history category to be category IV, yielding a guidelines range of imprisonment of between thirty and thirty-seven months. The guidelines range of fine was from $4,000 to $40,000. There are no open charges remaining.

Lawrence was sentenced to two years' incarceration and five years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture was issued.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Lawrence was born to unmarried

parents in Brooklyn in 1982. He was raised by his mother, who works as a bus driver for Greyhound, and a stepfather in a stable, middle-class home in Queens.

Lawrence began regularly using marijuana around the age of thirteen and smoked as many as five to ten joints daily. He attended three high schools before dropping out after the eleventh grade; he subsequently received a general education development diploma. In 2002, while Lawrence was twenty, he was convicted for robbing a victim at gunpoint and sentenced to forty-two months incarceration. Upon his release in 2005, he moved with his mother to Jacksonville, Florida. While in Florida, in 2006, he was convicted of domestic battery for striking a girlfriend. He was incarcerated in New York for a parole violation from 2006 to 2008. He has undergone drug treatment in Florida and in New York.

The defendant has held a number of jobs working for a window installation company, an exterminator, a landscaper, a seafood company, and McDonalds. He has been unemployed and supported by his family since November 2008. He has filed tax returns for each year in which he earned enough income that filing a return was required.

He maintains close ties with his family. After being released from prison in March 2008, he lived with his grandparents in the Red Hook section of Brooklyn and helped care for his grandmother, who was being treated for cancer. In 2009, his half-brother, with whom he had a close relationship, was murdered in a botched robbery attempt. He has an infant daughter with a woman he has dated since 2008; his girlfriend and several of his family members have attested to his devotion to his daughter and have requested leniency in sentencing.

The instant conspiracy was that of a small organization of crack cocaine dealers operating in Red Hook. Lawrence was a street-level dealer with no managerial authority. He and two coconspirators sold small quantities of crack cocaine to an undercover officer in a series of

transactions between February 2009 and March 2010. In all, they sold the officer some five grams of crack for a total price of $640.

The accused was arrested on March 16, 2010 in possession of about fifteen grams of heroin, but he has not been charged with an offense concerning that possession. While on bond for the instant offense, Lawrence committed several parole violations, including smoking marijuana.

A sentence of two years reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the distribution of illegal drugs will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his remorse for his crime, his close family connections, and his desire to provide a better life for his daughter.

Jack B. Weinstein
Senior United States District Judge

Dated: January 24, 2011
Brooklyn, New York

4