UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 10-CR-301 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| ANTHONY LAWRENCE, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On August 17, 2010, Anthony Lawrence pleaded guilty to a lesser-included count of a single-count indictment. The indictment charged that between February 2009 and March 2010, Lawrence, together with others, conspired to distribute and possessed with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(C). Lawrence was sentenced on January 21, 2011 to two years in custody and five years of supervised release. A $100 special assessment was imposed. *See* Statement of Reasons, Jan. 24, 2011, ECF No. 81.

On January 15, 2014, Lawrence pleaded guilty to a single charge of violation of a condition of supervised release. The charge alleged between October 10, 2013 and December 13, 2013, the offender violated a condition of supervised release by using a controlled substance; several urine specimens provided by Lawrence tested positive for marijuana during this period.

Lawrence was sentenced on January 15, 2014 to thirty days of incarceration beginning March 24, 2014, followed by discharge from supervised release. He is to remain on supervised release under home confinement until he begins serving the thirty-day term of imprisonment.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The revocation of supervised release is necessary to address Lawrence's longstanding substance abuse problem. Multiple drug treatment efforts have failed to improve Lawrence's behavior.

The brief postponement of Lawrence's term of incarceration is necessitated by family circumstances. Lawrence and his fiancé have a young daughter and are expecting a second child in April 2014. Lawrence has assumed child care responsibilities while on supervised release,

allowing his fiancé to earn an income. She is expected to receive leave from work in March 2014. The delay ensures that the child will be cared for during the next ten weeks.

Lawrence appears unimproved by supervision—he has been charged with nine violations of supervised release in total—and a memorandum from the United States Probation Office indicates that Lawrence "is not amendable to community supervision." Further federal supervision would not serve any benefit at this time.

Jack B. Weinstein
Senior United States District Judge

Dated: January 20, 2014
Brooklyn, New York